BRISTA v. STATE.

Opinion delivered January 8, 1917.

1. HOMICIDE—WILFUL KILLING—DEGREE.—Appellant, after an alter-
cation with one S., went, in company with others and armed, in search
of him. The inmates of S.'s house refusing to open the door, members
of appellant's company fired into the house, killing a little girl. Some
seventeen shots were fired; defendant testified that he did not fire a
shot. Held, the wilful, deliberate, malicious and premeditated shoot-
ing and breaking into the house, under the circumstances shown, re-
sulting in the killing of the girl, constituted murder and not man-
slaughter.

2. HOMICIDE—MURDER.—Under the above facts, held, that appellant
was guilty of murder, although he did not fire the fatal shot.

Appeal from Union Circuit Court; C. W. Smith,
Judge; affirmed.

STATEMENT BY THE COURT.

Appellant was indicted for murder in the first
degree, the indictment, in apt words, charging him with
that crime committed by the killing of one Sweetie
Stacher.

The testimony for the State tended to show sub-
stantially the following facts: On the night of the 14th
of May, 1915, the appellant, who is a white man, had
an altercation with a negro who is designated in the
record as "Sky Blue." The fight occurred in the town
of Felsenthal. The negro knocked appel'ant down.
Immediately after the fight appellant went to his
house, got his pistol and came back to look for the
negro. In company with three other white men they
surrounded a restaurant in the town in search of Sky
Blue. It was about 11 o'clock at night. They went
to the door of the restaurant and told them to open the
door, which they refused to do, and several shots were
fired. Appellant then went through the restaurant
looking for the negro, Sky Blue. Then appellant and
his companions were joined by others and they went
to what they thought was Sky Blue's house. Appel-
lant and one of his companions went to the front of the
house and called for Sky Blue. The negroes in the

house told appellant and his companions that Sky Blue was not there. Appellant and one of his companions told them that if they did not open the door they would shoot it open. Nobody answered and they commenced shooting. The negroes then opened the door, when it was discovered that one of the shots had struck the little baby girl, Sweetie Stacher, in the head, "shooting out her brains" and killing her.

One of the party had an automatic shotgun and appellant and another of the party had pistols. Two different pistol shots were fired at the front of the house. One pistol flashed on one side of the door and the other on the other side.

The appellant, after testifying as to the fight with Sky Blue, and to the fact that he had armed himself, and had gone in company with others to where they had been informed Sky Blue lived, and to the fact of the shooting substantially as shown by the testimony of the witnesses for the State, further testified: "—I did not fire a single shot down there at that house as my pistol was already empty." He further testified that he saw the flash of the pistols that were fired into the house. One of the pistols was fired by a man by the name of Matthews and another by a man by the name of Hinson. There were first two shots fired, and then ten or fifteen shots fired, in all. Appellant, in company with others, went into the house, but did not find the negro they were looking for. After they left the house one of the parties in the company, Rufus Ely, went back to the house and told the negroes not to know anybody in the crowd; if they did he would come back and kill them.

When appellant and his companions went down to the house appellant did not know that they were going to fire into it. He did not expect to find the negro Sky Blue down there.

Upon the above facts appellant was found guilty of involuntary manslaughter. He filed a motion for a new trial, and assigned as error that the verdict was contrary to the law and contrary to the evidence,

and that the court erred in giving separately instructions for the State numbered 1 to 13, inclusive. From a judgment of the court sentencing him to imprisonment in the State penitentiary for a period of six months he prosecutes this appeal.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

Appellant was guilty. The verdict is supported by the evidence and there are no prejudicial errors.

WOOD, J. (after stating the facts). The wilful, deliberate, malicious and premeditated shooting and breaking into the house, under the circumstances shown, resulting in the killing of Sweetie Stacher, as charged in the indictment, constituted murder instead of manslaughter. The jury having accepted the testimony on behalf of the State tending to show that appellant was one of the parties who did the shooting, should have returned a verdict against him for murder instead of manslaughter. Even if appellant did not fire the fatal shot, the undisputed evidence shows that he was present, aiding, abetting and assisting in the wicked and malignant acts of lawlessness which resulted in the death of this little girl. He was, therefore, guilty, according to his own testimony and the undisputed evidence, of murder instead of manslaughter.

There are no prejudicial errors in the record and the judgment is therefore affirmed.